UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-5629-R-KK | Date: | January 25, 2017 |
| Title: | *Emanuel Cortes Carino v. Kim Holland* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Denying Respondent's Motion to Dismiss Without Prejudice and Requiring Briefing on the Merits [Docket Nos. 16, 19]

      Petitioner Emanuel Cortes Carino ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2254. Respondent filed a Motion to Dismiss ("Motion") arguing the Petition is untimely. Petitioner filed an Opposition ("Opposition"), which additionally includes a request for a stay or abeyance pursuant to Rhines v. Weber, 544 U.S. 269, 276, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005)[1]. For the reasons stated below, the Court DENIES Respondent's Motion without prejudice.

# I.
# PROCEDURAL HISTORY

      On July 23, 2012, Petitioner was convicted in Los Angeles Superior Court of sexual intercourse and oral copulation or sexual penetration with a child 10 years of age or younger in violation of sections 288.7 (a) and (b) of the California Penal Code. ECF Docket No. ("Dkt.") 1 at 2. On September 4, 2012, Petitioner was sentenced to a term of twenty-five years to life. Id.

---

[1] As Respondent's Motion is denied and Petitioner has, in fact, exhausted his remedies by filing a habeas petition in the California Supreme Court, which was summarily denied, Petitioner's request for a stay or abeyance pursuant to Rhines is moot.

On October 10, 2012, Petitioner filed a direct appeal in the California Court of Appeal ("Court of Appeal"). See California Courts, Appellate Courts Case Information, Docket (Jan 6, 2017, 2:40 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2027216&doc_no=B244423. On March 27, 2014, the Court of Appeal affirmed Petitioner's conviction in a reasoned decision. Lodged Document No. ("Lodg.")[2] 1. On April 28, 2014, Petitioner filed a petition for review in the California Supreme Court. Lodg. 2. On June 11, 2014, the California Supreme Court denied review. Lodg. 3.

On April 7, 2015, Petitioner constructively[3] filed a state petition for writ of habeas corpus ("First Habeas Petition") in the Los Angeles Superior Court ("Superior Court"). Lodg. 4. The petition raised three issues[4]: (1) violation of Petitioner's fifth amendment right leading to an involuntary confession; (2) ineffective assistance of trial counsel; and (3) ineffective assistance of appellate counsel. Id. at 3-5. On April 30, 2015, the Superior Court denied the petition. Lodg. 5.

On May 21, 2015, Petitioner constructively filed a state petition for writ of habeas corpus in the Court of Appeal ("Second Habeas Petition"). Lodg. 6. On June 5, 2015, the Court of Appeal denied Petitioner's Second Habeas Petition "without prejudice to petitioner's filing a new petition in the Los Angeles Superior Court that includes: (1) declarations from trial and appellate counsel, or (2) if trial counsel and appellate counsel do not respond to petitioner within a reasonable amount of time, then petitioner's own declaration explaining how petitioner has attempted to contact trial and appellate counsel and the results of those attempts, with supporting documentation." Lodg. 7.

On July 17, 2015, Petitioner returned to the Superior Court and constructively filed a state petition for writ of habeas corpus ("Third Habeas Petition"). Lodg. 8. In the Third Habeas Petition, Petitioner included a declaration from his appellate attorney as well as his own description detailing his unsuccessful attempts to contact his trial attorney. Id. at 20, 22.[5] On September 16, 2015, the Superior Court summarily denied Petitioner's Third Habeas Petition on the merits finding "no evidence to support Petitioner's claim that his confession was coerced and . . . no evidence to justify his unsupported accusation that he received ineffective representation by both trial and appellate counsel." Lodg. 9 at 3.

On October 22, 2015, Petitioner filed a state petition for writ of habeas corpus in the Court of Appeal ("Fourth Habeas Petition"). Lodg. 10. In the Fourth Habeas Petition, Petitioner stated, "Petitioner, by order of this Court, resubmitted his habeas petition in the

---

[2] The Court's citations to Lodged Documents refer to documents Respondent lodged in support of the Motion to Dismiss. See dkt. 17, Not. of Lodging.

[3] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[4] Petitioner raised the same three issues in all seven of his state habeas petitions.

[5] The Court refers to the pages of the petitions as though they were consecutively paginated.

Superior Court, County of Los Angeles.  This Court further ordered the response of both trial and appellate attornies [sic].  Petitioner now appeals the denial of the resubmition [sic]." Id. at 12.  On November 10, 2015, the Court of Appeal denied Petitioner's Fourth Habeas Petition ("November 2015 Denial") and again indicated it was denying "without prejudice to petitioner's filing a new petition in the Los Angeles Superior Court that includes: (1) a declaration from trial counsel, or (2) if trial counsel does not respond to petitioner within a reasonable amount of time, then petitioner's own declaration explaining how petitioner has attempted to contact trial counsel and the results of those attempts, with supporting documentation."  Lodg. 11.

On December 17, 2015, Petitioner returned to the Superior Court and filed a state petition for writ of habeas corpus ("Fifth Habeas Petition"), claiming again to be refiling per the Court of Appeal's order.  Lodg. 12 at 12.  On February 10, 2016, the Superior Court denied Petitioner's Fifth Habeas Petition as a successive petition noting, "The petition presents claims raised and rejected in a prior habeas petition and Petitioner has failed to allege facts establishing an exception to the rule barring reconsideration of claims previously rejected.  Such successive claims constitute an abuse of the writ of habeas corpus."  Lodg. 13 at 2.  The Court additionally cited In re Reno, 55 Cal.4th 428, 455 (2012); In re Martinez, 46 Cal.4th 945, 956 (2009); In re Clark, 5 Cal.4th 750, 767-68 (1993); In re Miller, 17 Cal.2d 734, 735.  Id.

On March 14, 2016, Petitioner filed a state habeas petition in the Court of Appeal ("Sixth Habeas Petition").  Lodg. 14.  In the Sixth Habeas Petition, Petitioner stated, "On a [2nd] refiled habeas petition, by order of this Court, the superior Court of California, County of Los Angeles, denied habeas citing 'successive claims constitute an abuse of the writ of habeas corpus.'  Thus, Petitioner contends that in light of this Court's order the trial Court ruled in err." Id. at 15.  On March 23, 2016, the Court of Appeal summarily denied Petitioner Sixth Habeas Petition.  Lodg. 15.  On May 8, 2016, Petitioner filed a state habeas in the California Supreme Court ("Seventh Habeas Petition").  Lodg. 16.  On June 22, 2016, the California Supreme Court denied the Seventh Habeas Petition.  Lodg. 17.

On July 7, 2016, Petitioner constructively filed the instant Petition.  Dkt. 1, Pet.  In the Petition, Petitioner raises four claims: (1) Petitioner's conviction was based on an inadmissible confession in violation of the fifth amendment; (2) ineffective assistance of trial counsel; (3) ineffective assistance of appellate counsel; and (4) due process violation arising from ineffective assistance of counsel.  Id. at 5-6.

On November 8, 2016, Respondent filed the instant Motion.  Dkt. 18, Mot.  In the Motion, Respondent argues the Petition should be dismissed because it is untimely.  Id. at 1.  According to Respondent, Petitioner was no long entitled to statutory tolling after the Superior Court denied the Fifth Habeas Petition as successive on February 10, 2016.  Id. at 7.  Accordingly, Respondent concludes AEDPA's statute of limitations expired on April 13, 2016, making Petitioner's Petition untimely by three months.  Id. at 8.

On December 6, 2016, Petitioner filed an Opposition arguing the Fifth Habeas Petition was not successive.  Dkt. 19, Opp.  Petitioner states the Court of Appeal's November 2015 Denial

ordered Petitioner to refile a petition with relevant declarations, which is why he returned to the Superior Court to file the Fifth Habeas Petition. Id. at 3. Petitioner requests that, "in light of Petitioner's due diligence and evident efforts to comply with the court's order," he be given "an opportunity to remedy a 'technical' defect." Id. at 4.

## II.
## ANALYSIS

### A. THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Pet. at 8. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958-59 (9th Cir. 2010) (citations omitted).

Here, Petitioner's conviction became final on September 9, 2014, i.e., ninety days after the California Supreme Court denied Petitioner's petition for review on June 11, 2014. Thus, AEDPA's one-year statute of limitations commenced the next day, September 10, 2014, and expired on September 10, 2015. 28 U.S.C. § 2244(d)(1). However, Petitioner filed the instant Petition on July 25, 2016. Pet. at 8. Thus, in the absence of statutory or equitable tolling, the Court deems the Petition untimely by over one year under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

### B. PETITIONER'S POTENTIAL ENTITLEMENT TO STATUTORY TOLLING

Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). However, a "habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). In addition, a petitioner is entitled to statutory tolling (i.e., gap tolling) for reasonable periods between the filing of properly filed applications for State post-conviction or other collateral review. Nedds, 678 F.3d at 781. Nevertheless, "[a] petitioner who unreasonably

delays in filing a state habeas petition would not be granted the benefit of statutory [gap] tolling because the petition would not be considered 'pending' or 'properly filed' within the meaning of § 2244(d)(2)." Id. at 780 (citations omitted). "The period between a California lower court's denial of review and the filing of an original petition in a higher court . . . is part of a single round of habeas relief." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 191-93, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006)). The time between the completion of a first round of state collateral review and the beginning of a second round of state collateral review is not tolled. Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003).

Finally, an application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of Section 2244(d)(2). Section 2244(d)(2) therefore does not toll the AEDPA limitation period during the pendency of a petitioner's federal habeas petition. Duncan v. Walker, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129, 150 L. Ed. 2d 251 (2001).

Here, AEDPA's one-year statute of limitations commenced on September 10, 2014 and ran for 209 days before Petitioner constructively filed the First Habeas Petition in the Superior Court on April 7, 2015. 28 U.S.C. § 2244(d)(1); Lodg. 4. Respondent concedes statutory tolling applied from the date Petitioner filed the First Habeas Petition on April 7, 2015, until the Court of Appeal denied Petitioner's Fourth Habeas Petition on November 10, 2015. Nedds, 678 F.3d at 780; Mot. at 5. Respondent argues, however, Petitioner was no longer entitled to tolling after the Superior Court denied the Fifth Habeas Petition as successive with a citation to Clark. Id. According to Respondent, the Superior Court's citations to Clark "signifies that the petition was successive such that it does not qualify for statutory tolling." Mot. at 5. Respondent further argues that, applying the "look through" doctrine outlined in Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991), the Sixth and Seventh Habeas Petitions, summarily denied by the California Court of Appeal and Supreme Court, were also improperly filed and not entitled to statutory tolling.

In this case, the Superior Court denied the Fifth Habeas Petition in a form-denial. See Lodg. 13. The form presents a variety of options outlining grounds for denying a habeas petition, which include relevant citations to California law. The Superior Court marked as its reasons for denying the Fifth Habeas Petition: the petition "present[ed] claims raised and rejected in a prior habeas petition and Petitioner has not alleged facts establishing an exception to the rule barring reconsiderations of claims previously rejected." Id. at 2. Notably, the Superior Court declined to cite as its reason for denial "Petitioner filed a prior petition for habeas relief and failed to raise the claims raised in the current petition, and Petitioner has not alleged facts establishing an exception to the rule requiring all claims to be raised in one *timely filed petition*." Id. (emphasis added). While both options in the form-denial included citations to Clark, 5 Cal.4th at 767-68; the option selected by the Superior Court does not include a determination the petition is untimely.

In light of this distinction between these two types of successive petitions, there remains an open question, under Ninth Circuit law, as to whether a petition that raises repetitious "claims raised and rejected," (as opposed to a petition that raises new, piecemeal claims, which fails to present "one timely filed petition") is an improperly filed petition that prohibits statutory

tolling. Respondent relies on the Ninth Circuit's decision in Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010), for the proposition that tolling does not apply to "an untimely or an improper successive petition." However, Porter does not address the distinction between successive-repetitious claims and successive-piecemeal claims. In fact, Porter did not involve a successive petition at all, but rather involved determining whether an untimely petition was entitled to equitable tolling. Unlike the petition in Porter, the Fifth Habeas Petition in this case was presumptively timely filed[6]. Accordingly, in light of the open question, the Court declines to rule on the timeliness of the instant Petition based on a statutory tolling calculation at this time.

**C.    PETITIONER'S POTENTIAL ENTITLEMENT TO EQUITABLE TOLLING**

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule." Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Even if statutory tolling fails to render the instant Petition timely, it is unclear whether Petitioner might also be entitled to equitable tolling for being affirmatively misled by the Court of Appeal. Harris v. Carter, 515 F.3d 1051, 1056 (9th Cir. 2008) (recognizing equitable tolling may "likely be appropriate in at least some situations where a petition is affirmatively misled" by a court). Petitioner claims he returned to the Superior Court because of the Court of Appeal's denial, which indicated Petition should refile a petition with additional facts in the Superior Court. See Lodg. 12 at 9. Thus, looking at Petitioner's consistent, diligent, and timely filing history, it is reasonable to believe that, but for the Court of Appeal's instructions in its November 2015 Denial to return to the Superior Court, Petitioner would have continued his efforts to complete one full round of review to the California Supreme Court.

As federal courts may reach the merits of habeas petitions prior to adjudicating the issue of procedural default, and in light of the uncertainty surrounding this case, the Court declines to rule on the timeliness of the Petition at this time. See Ayala v. Chappell, 829 F.3d 1081, 1096 (9th Cir. 2016) (citing Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002)). Accordingly, the Court instructs Respondent to file an Answer addressing the merits of the Petition's claims.

///

---

[6]    It appears *all* of the state petitions filed by Petitioner were presumptively timely filed since each were filed less than sixty days following the denial of the previous petition. See Stewart v. Cate, 757 F.3d 929, 935 (9th Cir. 2014) ("[T]he Supreme Court has instructed federal courts to apply a thirty-to-sixty-day benchmark for California's 'reasonable time' requirement, and courts in this circuit have developed a large body of case law which follows that instruction.").

IT IS THEREFORE ORDERED:

1. Respondent's Motion to Dismiss based on untimeliness is denied without prejudice.

2. Respondent is instructed to file and serve an Answer to the Petition addressing the merits of the Petition's claims within **30 days of the date of this order.**

**IT IS SO ORDERED**